**UNITED STATES of America, Plaintiff,**

v.

**Charles Frank GORSON, aka James Delvin, Defendant.**

**No. CR–N–89–44–ECR.**

United States District Court, D. Nevada.

March 15, 1990.

Federal Rules of Criminal Procedure" is excludable time.

Fed.R.Crim.P. 20(a) permits a defendant to state in writing a wish to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which the defendant was arrested, held, or present, subject to the approval of the United States Attorney for each district.

In this case it appears that the United States Attorney for the District of Nevada and defense counsel have reached a plea agreement which, among other things, provides for transfer of the case from the District of Nevada to the Southern District of Florida. The United States Attorney for the District of Nevada has prepared, executed and transmitted the necessary papers for a Rule 20 transfer of the case to the Southern District of Florida. As the Court reads the motion, it appears that the United States Attorney for the Southern District of Florida has not yet approved the transfer, nor has the defendant stated in writing his wish to plead guilty, to waive trial in the District of Nevada, and to consent to disposition of the case in the Southern District of Florida. The plea agreement and Rule 20 arrangement are also contingent upon successful completion of negotiations with state authorities in New Jersey concerning charges brought against defendant in that state. It must be concluded that all of the necessary approvals and paper work for the Rule 20 transfer have not by any means yet been completed.

Whether the period of continuance sought is excludable time under said Section (G) depends on whether the delay results from a "proceeding" relating to the transfer of the case. The term proceeding usually requires the conduct of some sort of judicial business before a judicial officer, or an application for relief to a court of justice. Rule 20(a) provides for the transfer of a case, however, without resort to a court. All that is needed to effect the transfer is the written statement of the defendant, and the written approval of the United States Attorneys of the two affect-

Stephen Stein, Las Vegas, Nev., for plaintiff.

Richard J. Pocker, Acting U.S. Atty., Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

IT IS HEREBY ORDERED that motion of plaintiff filed March 6, 1990, seeking an order continuing the trial in the above-captioned action to March 20, 1990, is DENIED. The trial of the action shall commence tomorrow morning, March 16, 1990, at 9:30 o'clock a.m.

The issue is whether the period of the continuance which is sought is excludable time under 18 U.S.C. § 3161(h)(1)(G) of the Speedy Trial Act.

We conclude that if the delay necessitated for completion of the Rule 20 transfer proceedings is excludable time under that section of the Speedy Trial Act, the continuance should be granted and that if not, it should not be granted. If the time is not excludable, the case may be subject to dismissal under the Speedy Trial Act. Faced with granting the continuance and on that account being possibly required to dismiss the case, the Court ought not to grant the continuance.

18 U.S.C. § 3161(h)(1)(G) provides that "delay resulting from any proceeding relating to the transfer of a case ... under the

ed districts. The "proceedings" referred to in Section (G) must be taken to mean proceedings provided for by Rule 20(a) to effect a transfer of the case. The "proceeding" contemplated by (G) is a creature of the rule and does not arise by reason of conduct of business before a court. The parties involved have the power to effect the transfer without application to or intervention of any court.

It seems reasonably clear that if the written statement of the defendant and written approval of the two affected United States Attorneys had been obtained, that any delay occasioned by forwarding those papers to the Clerk of the District of Nevada or required for that Clerk to transmit the file to the Southern District of Florida would constitute excludable time. The question then becomes whether activities undertaken in pursuit of obtaining the necessary approvals and paperwork which may lead to a Rule 20(a) transfer constitute a "proceeding relating to the transfer of the case," which might make the delay required to complete these steps toward transfer of the case excludable time. It appears to the Court that they would not.

What is really involved here is an incomplete plea negotiation. The Speedy Trial Act does not provide that time needed for completion of a plea negotiation is excludable time. It cannot be concluded that a "proceeding" relating to the transfer of a case has begun until the required written statement of the defendant has been obtained together with the written approval of the United States Attorneys, or at least that something approaching completion of those necessary steps has occurred. Here what has transpired falls far short of what is required to commence such a proceeding for transfer. All we have really is the written approval of the United States Attorney for Nevada. We don't have the written statement of the defendant and it appears will not have such writing or the written approval of the United States Attorney for the Southern District of Florida until negotiations are successfully completed by defendant with the state authorities in New Jersey and the Florida United States Attorney has received the case and the papers and approved the transfer. What we have is a mostly inchoate process which cannot be deemed to equate with "proceedings" for transfer of the case under Rule 20(a).

As mentioned above, we read Rule 20(a) in conjunction with Section (G) to mean that the "proceeding" which is created by Rule 20(a) and Section (G) to transfer a case occurs only when the necessary steps for transfer under Rule 20(a), or the near equivalent thereof, have been completed. Preliminary conduct which only may hopefully lead to transfer does not constitute proceedings relating to transfer of a case.

*United States v. Jervey,* 630 F.Supp. 695, 697 (S.D.N.Y.1986) allowed excludable time under Section (G) for the attorneys to discuss a plea bargain in connection with a Rule 20 transfer. The court there, however, offered no convincing rationale for its interpretation of the act. As noted before, time spent in plea bargaining is not generally excludable time. The other cases cited by counsel in support of the motion do not appear to be helpful.